# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RICHARD JACKSON, | No. CV 17-5679-RGK (PLA) |
| Petitioner, | **ORDER DISMISSING PETITION AS SUCCESSIVE** |
| v. | |
| ERIC ARNOLD, Warden, | |
| Respondent. | |

## I.
## BACKGROUND

Richard Jackson ("petitioner") initiated this action on August 1, 2017, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2017 Petition" or "2017 Pet."). The 2017 Petition challenges his October 27, 1997, conviction in the Los Angeles County Superior Court, case number SA030662, for burglary with possession of a firearm (Cal. Penal Code §§ 459, 12021). (2017 Pet. at 2).

The Court observes that on February 18, 2000, petitioner filed an earlier habeas petition in this Court, in case number CV 00-2642-ABC (CW) ("CV 00-2642"), also challenging his 1997 conviction ("2000 Petition"). The 2000 Petition was dismissed with prejudice on the merits, pursuant

to the Judgment entered on April 17, 2003.[1] (Case No. CV 00-2642, ECF No. 30). Petitioner's request for a certificate of appealability was denied by the District Judge assigned to that case. (Case No. CV 00-2642, ECF No. 34). His request for a certificate of appealability was denied by the Ninth Circuit on October 10, 2003. (Case No. CV 00-2642, ECF No. 39).

On December 19, 2003, petitioner filed another habeas petition in this Court, in case number CV 03-9313-PA (CW) ("CV 03-9313"), also challenging his October 27, 1997, conviction ("2003 Petition"). The 2003 Petition was dismissed without prejudice as successive, pursuant to the Judgment entered on January 8, 2004. (Case No. CV 03-9313, ECF No. 5). Petitioner did not appeal from that Judgment.

On December 10, 2007, petitioner filed yet another habeas petition in this Court, in case number CV 07-8017-ABC (CW) ("CV 07-8017"), also challenging his October 27, 1997, conviction ("2007 Petition"). The 2007 Petition was dismissed without prejudice as successive, pursuant to the Judgment entered on December 21, 2007. (Case No. CV 07-8017, ECF No. 6). Petitioner did not appeal from that Judgment.

In the 2017 Petition, petitioner states that on May 2, 2017, in the Ninth Circuit Court of Appeals, he filed an application to file a second or successive habeas corpus petition. (2017 Pet. at 7). He notes, and the Ninth Circuit website reflects, that a ruling on the application is still pending.[2]

## II.

## DISCUSSION

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides

---

[1] Petitioner also filed a habeas petition in this Court in case number CV 00-7875-CM (CW), which was dismissed on August 2, 2000, without prejudice, as duplicative of CV 00-2642.

[2] The Ninth Circuit Court of Appeals website also reflects that petitioner has filed three previous applications to file a successive petition, each of which has been denied by that court. (See Ninth Cir. Ct. App. Case Nos. 04-7919, 08-71255, 14-73497).

that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2000 Petition, petitioner claimed that he received ineffective assistance of counsel when his trial counsel elicited self-incriminating admissions during petitioner's trial testimony as to his prior felony convictions. (CV 00-2642, ECF No. 23 at 8).[3] As mentioned above, on April 17, 2003, that action was dismissed on the merits and with prejudice. (Case No. CV 00-2642, ECF No. 30).

In the 2017 Petition, petitioner again claims that he received ineffective assistance of counsel, and brings clams of prosecutorial misconduct, due process violations, improper jury instruction, and improper denial of his motion for new counsel pursuant to People v. Marsden, 2 Cal. 3d 118 (1970). (2017 Pet. at 5). Petitioner does not contend that his claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; and, it appears to the Court that even though petitioner is seeking to present new claims in the 2017 Petition, the factual predicate for those claims could have previously been discovered through the exercise of due diligence. Thus, the 2017 Petition is successive.[4] Moreover, even if the

---

[3] For ease of reference, the Court refers to the ECF-generated page number.

[4] The 2017 Petition is subject to the AEDPA's one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1286
(continued...)

instant claims satisfied any of the exceptions found in 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B) that would allow for a successive petition (and it does not appear that petitioner has satisfied any of those provisions), petitioner nevertheless is required to seek and *obtain* authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). Although he has filed an application in the Ninth Circuit, petitioner has not *obtained* such permission from the Ninth Circuit. It therefore appears that the Court is without jurisdiction to entertain the 2017 Petition under 28 U.S.C. § 2244(b). See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

### III.
### **CONCLUSION**

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** as successive.[5]

DATED: August 9, 2017

_____
HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

---

[4](...continued)
(9th Cir. 1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner filed the 2017 Petition on August 1, 2017. (ECF No. 1). On its face, therefore, the 2017 Petition, filed almost twenty years after his conviction, is also barred by the statute of limitations.

[5] If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If petitioner files a new petition, the Court will give that petition a new case number.